# EXHIBIT A

To order this form, call (517) 337-1211
Target Information Management, Inc.

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

**STATE OF MICHIGAN**

GENESEE | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE

**SUMMONS AND COMPLAINT**

CASE NO. *Fullerton*

10-- 9328S --NP

Court address

900 S. Saginaw St., Flint, MI 48502

Court telephone no.

(810) 424-4355

Plaintiff name(s), address(es), and telephone no(s).

ARTHUR MOSS
c/o Fred A. Custer, Esq.
28051 Dequindre
Madison Hts., MI 48071
(248) 543-8300

Plaintiff attorney, bar no., address, and telephone no.

Fred A. Custer (P28975)
Materna, Custer & Assoc.
28051 Dequindre
Madison Hts., MI 48071

v

Defendant name(s), address(es), and telephone no(s).

ICON HEALTH & FITNESS, INC.
1500 S. 1000 West
Logan, Utah 84321

SERVED UPON: *ICON HEALTH & Fitness, Inc*
*On: 03-31-10 @ 4:50 PM*

By: H.M. PETERSEN *7P*

PROCESS SERVER 435-752-2525

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued 3/22/10 | This summons expires 6/21/10 | Court clerk *Roberta L. Kuhn*

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| --- | --- | --- |
| | | |

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| --- | --- | --- |
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Grand Blanc, MI | Defendant(s) residence (include city, township, or village)<br>Logan, Utah |
| --- | --- |

Place where action arose or business conducted
Grand Blanc, MI

3-19-10

Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/06) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

DEFENDANT

... ........ .. ... .. .............

....... ... .. ......... .. ... ....

| PROOF OF SERVICE |

| SUMMONS AND COMPLAINT |
| Case No. 10-93285-NP |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☒☒ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☒☒ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with __Interrogatories and Request for Production of Documents__
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| ICON Health & Fitness, Inc. | 1500 S. 1000 Logan Utah  84321 | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                           Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |

I acknowledge that I have received service of the summons and complaint, together with *NO INTERROGATORIES AND REQUEST FOR PRODUCTION* Attachments *ATTACHED*

on *31 March 2010   4:50 pm.*
Day, date, time

_____ on behalf of *ICON Health & Fitness, Inc.*
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

ARTHUR MOSS,

        Plaintiff,

v.

ICON HEALTH & FITNESS, INC., a
foreign corporation; REEBOK
INTERNATIONAL, LTD., a foreign
corporation; and ADIDAS AMERICA,
INC., a foreign corporation;

        Defendants.
_____/

CASE NO: 10-     -NP
HON.



MATERNA, CUSTER & ASSOCIATES
FRED A. CUSTER (P28975)
Attorneys for Plaintiff
28051 Dequindre Rd.
Madison Heights, Michigan 48071
TELEPHONE: (248) 543-8300
FAX:  (248) 543-3180
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other or pending or resolved civil action arising out of
the same transaction or occurrence as alleged in the Complaint.

### COMMON ALLEGATIONS

NOW COMES Plaintiff ARTHUR MOSS, through his attorneys, MATERNA, CUSTER & ASSOCIATES, and for his Complaint against the Defendants herein, states as follows:

1.   At the time of the filing of this Complaint, Plaintiff ARTHUR MOSS was a resident of the City of Grand Blanc, County of Genesee, State of Michigan.

2.   At all times pertinent hereto, Defendant ICON HEALTH & FITNESS, INC., (hereinafter referred to as "ICON") was a Delaware Corporation,

bearing Corporate I.D. No. 634212, and did business in the City of Grand Blanc, County of Genesee, State of Michigan. The Corporate Headquarters/Principal Place of business is located at 1500 S. 1000, in the City of Logan, State of Utah 84321.

3.    At all times pertinent hereto, Defendant REEBOK INTERNATIONAL, LTD. (hereinafter referred to as "REEBOK") was a Massachusetts Corporation, bearing Corporate I.D. No. 627846, and did business in the City of Grand Blanc, County of Genesee, State of Michigan. The Corporate Headquarters/Principal Place of business is located at 1895 J.W.Foster Blvd., in the City of Canton, State of Massachusetts 02021. The Resident Agent for the Corporation is CSC-Lawyers Incorporating Service, whose address is 601 Abbott Rd., East Lansing, MI   48823.

4.    At all times pertinent hereto, Defendant ADIDAS AMERICA, INC. (hereinafter referred to as "ADIDAS") was an Oregon Corporation, bearing Corporate I.D. No. 60192K, and did business in the City of Grand Blanc, County of Genesee, State of Michigan. The Corporate Headquarters/Principal Place of business is located at 5055 N. Greeley Ave., in the City of Portland, State of Oregon. The Resident Agent for the Corporation is The Corporation Company, whose address is 30600 Telegraph Rd. #2345, Bingham Farms, MI   48025.

5.    On or about the 29th day of March, 2007, Plaintiff ARTHUR MOSS sustained serious and permanent injuries when he was using his Reebok Inversion System and the system failed, causing him to fall to the ground violently on his head, while using the subject product as described

2

hereinafter.

6.    Plaintiff ARTHUR MOSS was free from any act or omission of negligence contributing in whole or in part to this incident and the subsequent injuries sustained.

7.    The amount in controversy herein exceeds TWENTY-FIVE THOUSAND DOLLARS($25,000.00), exclusive of costs, interest and attorney fees.

COUNT I

NEGLIGENCE OF DEFENDANTS ICON, REEBOK and ADDIDAS

8.    Plaintiff hereby restates and realleges each and every allegation contained in Paragraphs 1 through 7 of the COMMON ALLEGATIONS as though set forth fully and completely herein.

9.    Defendants ICON, REEBOK and ADDIDAS designed, manufactured, tested, assembled, distributed, marketed and sold a certain Reebok Inversion System, bearing Model No. RBBE1996.0, and Serial No. 453FQ1496.

10.   Defendants ICON, REEBOK and ADDIDAS owed a duty of care to the general public, and Plaintiff in particular, to design, manufacture, test, assemble, distribute, market and sell products, and in particular the subject Reebok Inversion System, which were reasonably safe for use by the general public, and Plaintiff in particular, for the purposes for which it was intended.

11.   Defendants carelessly and negligently breached and violated the aforementioned duties by failing to adhere to the accepted standards of safety, law and regulations, guidelines, good engineering practices and/or the appropriate state of the art in the following particulars, including but not limited to:

3

a.   by failing to comply with state and federal statutes, rules and regulations, including   OSHA, MIOSHA, UL and ANSI standards;

b.   by failing to recall the subject inversion system when Defendants knew or should have known of inherent defects including the absence of an adequate lock frame;

c.   by failing to comply with State and Federal Statutes, Rules and Regulations:

d.   failing to design, manufacture and distribute a product which was in compliance with the prevailing industry standards;

e.   failing to design, manufacture and distribute the product so that it complied with good engineering and design practices;

f.   failing to design, manufacture or otherwise equip the subject product with a proper lock frame;

g.   failing to design, manufacture, assemble and distribute the subject product with adequate and necessary safety devices;

h.   failing to adequately instruct and/or warn users such as the Plaintiff as to the hazards, risks and dangers attendant and inherent in the operation of the subject product;

i.   failing to design, manufacture, assemble and distribute the subject product in a form fit for its intended purpose;

j.   failing to provide reasonable safety guards for the foreseeable uses and misuses of the product;

k.   failing to warn users of the inherent dangers which Defendants knew, or in the exercise of reasonable care should have known, existed regarding the design of this product;

l.   negligently failing to implement proper testing and/or inspection procedures which would detect the inherent dangers of this product;

m.   failing to properly provide necessary and adequate warnings to the users and purchasers of the subject product;

4

    n.    failing to provide necessary and adequate operational instructions to the users and purchasers of the subject product;

    o.    other acts of negligence yet to be determined.

12.   As a direct and proximate result of the negligence of Defendants, Plaintiff ARTHUR MOSS has suffered, continues to suffer, and will suffer in the future from severe injuries, some of which are permanent in nature, including but not limited to:

    a.    acute laceration on top of scalp requiring stitches;

    b.    closed head injury;

    c.    episodes of lightheadedness;

    d.    episodes of unsteadiness;

    e.    mild concussion;

    f.    post-head trauma;

    g.    numbness in right leg and thigh;

    h.    low back pain;

    i.    headaches;

    j.    neck injuries;

    k.    multiple contusions, abrasions, trauma;

    l.    disability and confinement which accompanied the injuries sustained;

    m.    severe shock and injury to the nervous system;

    n.    extreme pain and discomfort;

    o.    mental anguish, fright and shock, disability, denial of social pleasures and enjoyment;

    p.    other injuries and damages to be determined through discovery

13.   Prior to the time of this accident, Plaintiff was a reasonably healthy individual, but as a direct and proximate result of the negligence of Defendants, Plaintiff has become sore, sick, lame and disabled.

14.   As a direct and proximate result of the negligence of Defendants Plaintiff has incurred and will continue to incur in the future, expenses for medical care and treatment, including but not limited to hospitalization, medication, and transportation costs.

15.   As a direct and proximate result of the negligence of Defendants, Plaintiff was forced to lose time from employment and has sustained a loss of earning capacity with resultant loss of wages. Plaintiff will in the future suffer additional loss of earning capacity and loss of wages.

16.   WHEREFORE Plaintiff respectfully requests this Honorable Court to render a Judgment against Defendants in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), for which this Honorable Court deems Plaintiff to be entitled, together with costs, interests and attorneys' fees so wrongfully sustained.

## COUNT II

### BREACH Of WARRANTY OF DEFENDANTS ICON, REEBOK and ADDIDAS

17.   Plaintiff hereby restates and realleges each and every allegation contained in Paragraphs 1 through 16 of the COMMON ALLEGATIONS and COUNT I above as though set forth fully and completely herein.

18.   At all times pertinent hereto, Defendants ICON, REEBOK and ADDIDAS warranted, both expressly and impliedly, that the product in question was reasonably fit and safe for the uses intended and was free from defects.

6

19.   Plaintiff relied on both the express and implied warranties of Defendants.

20.   That despite the said warranties, Defendants did breach the same by, but not limited to, the following acts:

a.   by failing to comply with state and federal statutes, rules and regulations, including   OSHA, MIOSHA, UL and ANSI standards;

b.   by failing to recall the subject inversion system when Defendants knew or should have known of inherent defects including the absence of an adequate lock frame;

c.   By failing to comply with State and Federal Statutes, Rules and Regulations:

d.   failing to design, manufacture and distribute a product which was in compliance with the prevailing industry standards;

e.   failing to design, manufacture and distribute the product so that it complied with good engineering and design practices;

f.   failing to design, manufacture or otherwise equip the subject product with a proper lock frame;

g.   failing to design, manufacture, assemble and distribute the subject product with adequate and necessary safety devices;

h.   failing to adequately instruct and/or warn users such as the Plaintiff as to the hazards, risks and dangers attendant and inherent in the operation of the subject product;

i.   failing to design, manufacture, assemble and distribute the subject product in a form fit for its intended purpose;

j.   failing to provide reasonable safety guards for the foreseeable uses and misuses of the product;

k.   failing to warn users of the inherent dangers which Defendants knew, or in the exercise of reasonable care should have known, existed regarding the design of this product;

7

l.    negligently failing to implement proper testing and/or inspection procedures which would detect the inherent dangers of this product;

m.    failing to properly provide necessary and adequate warnings to the users and purchasers of the subject product;

n.    failing to provide necessary and adequate operational instructions to the users and purchasers of the subject product;

o.    other acts of negligence yet to be determined.

21.   As a direct and proximate result of the negligence and breaches of warranty of Defendants, Plaintiff has suffered, continues to suffer, and will suffer in the future from severe injuries, some of which are permanent in nature, including but not limited to:

a.    acute laceration on top of scalp requiring stitches;

b.    closed head injury;

c.    episodes of lightheadedness;

d.    episodes of unsteadiness;

e.    mild concussion;

f.    post-head trauma;

g.    numbness in right leg and thigh;

h.    low back pain;

i.    headaches;

j.    neck injuries;

k.    multiple contusions, abrasions, trauma;

l.    disability and confinement which accompanied the injuries sustained;

m.    severe shock and injury to the nervous system;

n.    extreme pain and discomfort;

o.   mental anguish, fright and shock, disability, denial of social pleasures and enjoyment;

p.   other injuries and damages to be determined through discovery

22.   Prior to the time of this accident, Plaintiff ARTHUR MOSS was a reasonably healthy individual, but as a direct and proximate result of the negligence and breaches or warranty of Defendants, Plaintiff has become sore and sick and lame.

23.   As a direct and proximate result of the negligence and breaches or warranty of Defendants, Plaintiff has incurred and will continue to incur in the future, expenses for medical care and treatment, including but not limited to hospitalization, medication, and transportation costs.

24.   As a direct and proximate result of the negligence and breaches of warranty of Defendants, Plaintiff was forced to lose time from employment and has sustained a loss of earning capacity with resultant loss of wages. Plaintiff may in the future suffer additional loss of earning capacity and loss of wages.

25.   WHEREFORE Plaintiff respectfully requests this Honorable Court render a Judgment against Defendants herein in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), for which this Honorable Court deems Plaintiff to be entitled, together with costs, interests and attorneys' fees so wrongfully sustained.

MATERNA, CUSTER & ASSOCIATES

Fred A. Custer (P28975)
Attorneys for Plaintiff
28051 Dequindre Rd.
Madison Heights, Michigan 48071
TELEPHONE:  (248) 543-8300
FAX:  (248) 543-3180

DATED: March 19, 2010

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff ARTHUR MOSS, through his attorneys, MATERNA, CUSTER & ASSOCIATES, and hereby demands a Trial by Jury in the above-entitled action.

MATERNA, CUSTER & ASSOCIATES

Fred A. Custer (P28975)
Attorneys for Plaintiff
28051 Dequindre Rd.
Madison Heights, Michigan 48071
TELEPHONE:  (248) 543-8300
FAX:  (248) 543-3180

DATED: March 19, 2010

10